UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL AND PORSCHA THOMAS,**

    Plaintiffs,

-vs-                                      CASE NO.
                                           HON.

**CITY OF HIGHLAND PARK, J. CROUCH,
C. WHITE, and JOHN DOE OFFICER in
Police Vehicle 16-33, in their individual
and official capacities,**

    Defendants.

| |  |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>KIMBERLEY A. KOESTER (P48967)<br>Attorneys for Plaintiffs<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com<br>kimberley.koester@cjtranor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT

      **NOW COMES** Plaintiffs, **MICHAEL AND PORSCHA THOMAS**, by and through their attorneys, CHRISTOPHER TRAINOR AND ASSOCIATES, and for their Complaint against the above-named Defendants, states as follows:

1

1. Plaintiffs are residents of the City of Rochester, County of Oakland, State of Michigan.

2. Defendant City of Highland Park is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendant J. Crouch is and/or was a police officer working and/or assigned to the City of Highland Park Police Department and was acting under color of law, in his individual and official capacity, and in the course and scope of his employment at all times mentioned herein.

4. Defendant C. White, is and/or was a police officer working and/or assigned to the City of Highland Park Police Department and was acting under color of law, in his individual and official capacity, and in the course and scope of his employment at all times mentioned herein.

5. Defendant John Doe Officer driving Police Vehicle 16-33 on February 19, 2014, upon information and belief, is and/or was a police officer working and/or assigned to the City of Highland Park Police Department and acting under color of law, in his individual and official capacity, and in the course and scope of his employment at all times mentioned herein.

6. All events giving rise to this lawsuit occurred in the City of Highland Park, County of Wayne, State of Michigan.

7. This lawsuit arises out of Defendants' violations of Plaintiffs' federal constitutional rights as secured by the Eighth and Fourteenth Amendments to the United States Constitution and consequently, Plaintiffs have a viable claim for damages under 42 U.S.C. § 1983. Plaintiffs also bring claims under state law.

8. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

9. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

10. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

11. On February 19, 2014 at around 5 p.m. Plaintiffs, Michael Thomas and his wife, Porscha Thomas, and their two children were driving down Woodward Avenue in Highland Park.

12. Plaintiffs were occupying a grey Hyundai rented from Enterprise Rent-a-Car in Rochester Hills the day before.

13. Mr. Thomas passed a slower moving car on Woodward, and reentered the prior lane without signaling.

14. Defendant Crouch made a LEIN query about the Thomas' vehicle despite the lack of any criminal wrongdoing on their part.

15. Defendant White informed Defendant Crouch that the Thomas' vehicle was a stolen vehicle in the LEIN system.

16. The next thing Mr. Thomas knew, Defendant Crouch pulled his vehicle over.

17. Defendant Crouch approached the Thomas' vehicle with his gun drawn and pointed at Michael Thomas.

18. Another officer, Defendant John Doe Officer driving Police Vehicle 16-33, upon information and belief, approached and pointed a gun at Porscha Thomas.

19. These officers asked no questions and make no announcement regarding the traffic stop or the reason their weapons were drawn.

20. Michael Thomas was ordered to drop his keys, and he complied.

21. Then the officers ordered Plaintiffs from their vehicle and handcuffed Plaintiffs, placing them in the back of a police car.

22. Porscha Thomas was handcuffed with excessive force, causing a shoulder injury.

23. The Thomas' vehicle was then searched, without the Thomas' permission.

24. Defendants took no action to avoid frightening the two young children in the back seat of the vehicle, or providing an adult to supervise same while their parents were handcuffed and in a police vehicle, out of view of the children.

25. Plaintiffs were eventually informed that the vehicle was stolen, at which time Mr. Thomas informed the officers that the car had just been rented from Enterprise Rent-a-Car the day before.

26. Defendant Crouch then, upon information and belief, rechecked his information with Defendant White and was told the vehicle in question in the LEIN system was actually a stolen Ford Taurus in Texas.

27. Defendant Crouch then removed the handcuffs from Plaintiffs and informed them he had made an error.

28. Plaintiffs were released without any ticket or other charges.

29. As a result of Defendants' unlawful and excessive actions, Plaintiffs suffered injuries and damages.

## COUNT I
## ASSAULT AND BATTERY

30. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

31. At all times herein, Defendants did threaten and/or cause Plaintiffs to be threatened with involuntary, unnecessary, and excessive physical contact, namely the touching of Plaintiffs and/or the threatening of harm to Plaintiffs.

32. At all times herein, the physical contact and/or threat of contact referred to herein was inflicted upon Plaintiffs.

33. That said physical contact and/or threat of contact was unnecessary and excessive; furthermore, said physical contact and/or threat of contact was without probable cause or any legal justification whatsoever.

34. As a proximate cause of the aforementioned assaults and batteries described above on Plaintiffs and/or the failure to stop the unnecessary threat and/or use of force, Plaintiffs sustained injuries and damages.

35. Defendants' actions were so egregious and so outrageous that Plaintiffs' damages were heightened and made more severe, thus Plaintiffs are entitled to exemplary damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an award in Plaintiffs' favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## COUNT II
## FALSE ARREST/FALSE IMPRISONMENT

36. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

37. That Defendants caused the arrest and/or imprisonment of Plaintiffs without any legal justification and/or probable cause.

38. That Defendants did cause Plaintiffs to be held against his will and/or imprisoned without any legal justification and/or probable cause.

39. Defendants restricted Plaintiffs' liberties against their will.

40. Defendants' actions were without legal justification and/or probable cause.

41. As a result of Defendants' actions, Plaintiffs suffered injuries and damages.

42. Defendants' actions were so egregious and so outrageous that Plaintiffs' damages were heightened and made more severe so that Plaintiffs are entitled to exemplary damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an award in Plaintiffs' favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## COUNT III
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § EXCESSIVE FORCE

43. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

44. At all times relevant herein, Defendants were acting under color of law and acting within the course and scope of his employment.

45. As a result of the conduct complained of herein, Plaintiffs suffered deprivation of clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to the right to be free from a deprivation of liberty, property, bodily security and integrity without due process of law, and the right to be free from unreasonable searches and seizures.

46. That Defendants violated Plaintiffs' clearly established and federally protected rights by using excessive physical force against him.

47. Defendants' acts were at all times intentional, objectively unreasonable, reckless, and/or grossly negligent, and in violation of Plaintiffs' clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

48. As a result of Defendants' violation/deprivation of Plaintiffs' constitutional rights, Plaintiffs have viable claims for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an award in Plaintiffs' favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## COUNT IV
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 WARRANTLESS SEARCH AND SEIZURE WITHOUT PROBABLE CAUSE

49. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

50. That the Fourth Amendment to the United States Constitution establishes that Plaintiffs have the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures and excessive force.

51. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiffs' Fourth Amendment rights and seized Plaintiffs without probable cause or exigent circumstances.

52. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiffs' Fourth Amendment rights and illegally searched within Plaintiffs' vehicle and Plaintiffs' person.

53. Defendants acted unreasonably and failed in their duty when they falsely arrested/detained/seized Plaintiffs without considering the totality of the circumstances.

54. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiffs' clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

55. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiffs' deprivation of their Fourth Amendment rights.

56. Due to Defendants' actions, Plaintiffs' Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiffs respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an award in Plaintiffs' favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

### COUNT V
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 UNREASONABLE SEIZURE WITHOUT PROBABLE CAUSE

57. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

58. That the Fourth Amendment to the United States Constitution establishes that Plaintiffs have the right to be free from the deprivation of life, liberty, and

bodily security without due process of law and to be free from unreasonable searches and seizures.

59. At all material times, Defendants acted under color of law and unreasonably when he violated Plaintiffs' Fourth Amendment rights.

60. Defendants acted unreasonably and failed in their duty when they falsely arrested/detained/seized Plaintiffs without considering the totality of the circumstances and/or doing even a cursory investigation.

61. Defendants acted unreasonably and failed in their duty when they unlawfully seized and detained Plaintiffs.

62. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiffs' clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

63. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiffs' deprivation of his Fourth Amendment rights.

64. Due to Defendants' actions, Plaintiffs' Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiffs respectfully request this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of

Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT VI
## VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT
## 42 U.S.C. § 1983—EXCESSIVE FORCE

65. Plaintiffs re-alleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

66. The Due Process Clause of the Fourteenth Amendment prevents the use of excessive physical force against pretrial detainees and imposes a duty on police officials to take reasonable measures to guarantee the safety of those under their care.

67. Defendants violated Plaintiffs' federally protected rights by using excessive and/or unreasonable force against Plaintiffs.

68. Defendants were at all times acting under color of law, within the course and scope of their employment, and in their individual and official capacities.

69. Defendants acted maliciously and sadistically for the sole purpose of causing harm to Plaintiffs and/or with deliberate indifference to Plaintiffs' constitutional rights.

70. Plaintiff Porscha Thomas suffered injuries and damages as a result of the excessive force used by Defendants.

71. At the time of the incidents alleged in this Complaint, it was clearly established that the Due Process Clause of the Fourteenth Amendment prohibited the unnecessary and wanton infliction of pain through the use of excessive force against Plaintiffs.

72. As a proximate result of Defendants violation and/or deprivation of Plaintiffs' constitutional rights, Plaintiffs have a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an award in Plaintiffs' favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## COUNT VII
## CITY OF   HIGHLAND PARK'S CONSTITUTIONAL VIOLATIONS

73. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

74. Defendant City of Highland Park acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in violations to Plaintiffs.

75. These customs, policies, and/or practices included but were not limited to the following:

   a. Failing to supervise officers to prevent violations of citizens' constitutional rights;

   b. Failure to adequately train officers properly in the use of LEIN and verifying information before causing illegal stops and seizures;

   c. Failure to adequately train officers to properly identify themselves to citizens at traffic stops;

   d. Failure to adequately train officers regarding safeguarding minors/citizens during arrests;

   e. Failing to adequately train and/or supervise officers regarding the proper use of force;

   f. Failing to adequately train and/or supervise officers regarding legal searches;

   g. Failing to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

   h. Failing to supervise, review, and/or discipline officers whom Defendant City of Highland Park knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct;

    i.    Failing to require compliance of its officers and/or employees with established policies and/or procedures and/or rules of the City of Highland Park and discipline or reprimand officers who violate these established policies;

    j.    Failing to protect detainees/arrestees.

76. Acting intentionally and with deliberate indifference to the obvious and/or know risks posed by its officers and personnel acting in conformity with these policies, customs, and/or practices, to detainees and/or arrestees, Defendants practiced and/or permitted customs and/or policies that resulted in the violations of Plaintiffs' constitutional rights complained of herein.

77. At the time of the incident complained of herein, it was clearly established that the Fourth Amendment prohibited the use of objectively unreasonable force and prohibited illegal searches.

78. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiffs' Fourth and Fourteenth Amendment rights and pursuant to 42 U.S.C. § 1983, Plaintiffs has a viable claim for compensatory damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court enter an award in Plaintiffs' favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/Kimberley A. Koester**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
KIMBERLEY A. KOESTER (P48967)
Attorneys for Plaintiffs
9750 Highland Road
White Lake, MI 48386
(248) 866-8650
amy.derouin@cjtrainor.com
kimberley.koester@cjtrainor.com

Dated: January 25, 2016
KAK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MICHAEL AND PORSCHA THOMAS,**

    Plaintiffs,

-vs-                                                        CASE NO.
                                                            HON.

**CITY OF HIGHLAND PARK, J. CROUCH,
C. WHITE, and JOHN DOE OFFICER in
Police Vehicle 16-33, in their individual
and official capacities,**

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>KIMBERLEY A. KOESTER (P48967)<br>Attorneys for Plaintiffs<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com<br>kimberley.koester@cjtranor.com | |

# DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiffs, **MICHAEL AND PORSCHA THOMAS**, by and through their attorneys, CHRISTOPHER TRAINOR AND ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

        Respectfully submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        **s/Kimberley A. Koester**
        CHRISTOPHER J. TRAINOR (P42449)
        AMY J. DEROUIN (P70514)
        KIMBERLEY A. KOESTER (P48967)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI 48386
        (248) 866-8650
        amy.derouin@cjtrainor.com
        Kimberley.koester@cjtrainor.com

Dated: January 25, 2016
KAK