UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL THOMAS,

    Plaintiff,                                          Case No. 16-10313

v.                                               HON. AVERN COHN

JEFFREY CROUCH,

    Defendant.

_____/

# MEMORANDUM AND ORDER
# DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 44)
# AND
# DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 37)

I. Introduction

This is a 42 U.S.C. § 1983 case involving a police stop and the alleged use of excessive force by a police officer in detaining and searching the plaintiff/driver and his wife after the stop. The complaint was filed by plaintiff and his wife and charged four police officers and the City of Highland Park with misconduct. Defendants filed a corrected motion for summary judgment (Doc. 37). Thereafter, the Court dismissed plaintiff's wife, the City of Highland Park, and three police officers (Kevin Coney, Curtis White, and Jamille Edwards) leaving only police officer Jeffrey Crouch (Crouch) as a defendant. The Court reserved ruling on Crouch's liability pending supplemental filings.

Now before the Court is plaintiff's motion for reconsideration of the dismissal of the City of Highland Park, White, Coney, and Edwards. Crouch's motion summary judgement is also before the Court. The motion for reconsideration is DENIED. The

motion for summary judgement is DENIED. The case continues as to Crouch.

## II. Background

The essential facts of this incident follow:

Plaintiff and his wife were driving on Woodward Avenue in the City of Highland Park, when Crouch, on patrol, observed the car which plaintiff and his family were driving improperly changing lanes, having tinted windows, and exceeding the speed limit.

Crouch called his dispatcher, police officer Curtis White (White), requesting identification of the owner of the car. Crouch gave White the license number. White responded saying either the car was stolen or the license plates were stolen. It is not clear from the record whether White said stolen car or stolen license plates. As Crouch approached the car, he drew his gun. A moment earlier he called for backup.

When Crouch came up to the driver's side of the car, he pointed his gun at plaintiff, ordered him out of the car and to lay face down on the ground. Crouch then handcuffed plaintiff. About the same time, a second officer approached the passenger side of the car. He or she, it is not clear which, ordered the wife out of the car and handcuffed her. Plaintiff and his wife were place in the back of separate police cars. There were two small children in the back seat of the car. Crouch then thoroughly searched the car.

During the course of this activity, White asked Crouch for the VIN which Crouch gave him. On checking the VIN, the information received by White described a different model car. When White informed Crouch of this, plaintiff and his wife were released and sent on their way.

2

The police officer who was involved with the wife has not been definitively identified, though the police report seems to identify the officer as Kevin Coney, Chief of Police of Highland Park. The police report was signed by police officer Jamille Edwards

### III. Reconsideration

#### A. Legal Standard

To prevail on a motion for reconsideration, the moving party must "not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h); Graham ex rel. Estate of Graham v. Cty. of Washtenaw, 358 F.3d 377, 385-86 (6th Cir. 2004).

#### B. Application

. As to Coney, plaintiffs contend that since all of the defendants admitted in their signed interrogatories that badge number 16-33 belonged to police chief Coney, there is a genuine issue of material fact as to whether Coney was actually on the scene. Further, Coney did not deny being at the scene but instead said that he did not recall being there, and that it "might be a possibility" that he was there and did not remember. Finally, Coney is African-American, and so was the officer Porscha Thomas identified as the one who handcuffed her.

While it is true that defendants stated in interrogatory answers that badge 16-33 belonged to him; however, his deposition testimony refutes that. This does create a genuine issue of material fact as to whether Coney was on the scene. However, even if Coney continued as a defendant, he would not incur liability since Porscha Thomas' handcuffs were loosened in response to her complaint that they were hurting her. See

3

Getz v. Swoap, 833 F.3d 646, 654 (6th Cir. 2016).

As to White, plaintiff says that White "set into motion" and proximately caused the constitutional violations. While White might have asked for more information about plaintiff's car, instead of only asking for the license number, he was at best negligent. The record as to White is insufficient to create a genuine issue of material fact over whether or not his actions rose to the level of misconduct sufficient to make him liable to plaintiff for what occurred during the stop.

As to Edwards, plaintiff say that there is a genuine issue of material fact as to whether Edwards was on the scene because Edwards' signature is on the police report, there is no evidence that there was any other female officer working that day, Coney and Edwards in their depositions did not know if any other female officers worked for the Highland Park Police Department at the time, and employee logs were lost in a flood.

Edwards' "approved by" signature on the police report- plaintiff's sole piece of affirmative evidence-does nothing to establish that she was on the scene of the incident, especially in light of the fact that Thomas identified the female officer on the scene as white (Thomas July Dep. 11) and Edwards is black.

As to the City of Highland Park, plaintiffs say that Highland Park has not done use of force training in years, the police officers did not receive performance evaluations between 2011 and 2016, and the city's police officers have been involved in a great deal of excessive force litigation. This shows Highland Park's deliberate indifference to constitutional violations. Also, the police officer defendants could not recall the name of their supervisor at the time of the incident, "clearly inferring an utter lack of any supervision of the officers whatsoever." Finally, the fact that the police officers could not

4

remember certain details and the fact that Highland Park was negligent in storing information (so that it was able to be destroyed by a flood) warrants an inference that any missing information would benefit plaintiffs. Therefore, the jury should have an opportunity to make that inference.

Plaintiff's evidence of an apparent lack of use of force training and performance evaluations is insufficient to create a genuine issue of material fact that Highland Park was deliberately indifferent to constitutional violations committed by its police officers. In short, plaintiff has not meet the Monell standard.

## IV. Summary Judgment

### A. Legal Standards

Summary judgment will be granted if the moving party demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). In doing so, the Court "must view the evidence in the light most favorable to the non moving party." Emp'rs Ins. of Wausau v. Petrol. Specialties, Inc., 69 F.3d 98, 101-02 (6th Cir. 1995).

Qualified immunity protects government employees from suit "if their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." Richmond v. Huq, 872 F.3d 355, 372-73 (6th Cir. 2017) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)) (internal quotation marks omitted). "The qualified immunity analysis has two steps: (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." Id. at 373 (quoting Estate of Carter v. City of Detroit, 408 F.3d 305, 310-11 (6th Cir. 2005)) (internal quotation marks omitted). Clearly established means that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. (quoting Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001)) (internal quotation marks omitted). Put another way, "[q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law." Dorsey v. Barber, 517 F.3d 389, 400 (6th Cir. 2008) (quoting Humphrey v. Mabry, 482 F.3d 840, 847 (6th Cir. 2007)) (internal quotation marks omitted).

B. Application

Considering the evidence in a light most favorable to plaintiff, the manner in which Crouch made the stop and what followed are open to question. There is a genuine issue of material fact as to whether or not plaintiff's civil rights were violated by Crouch. While the stop was in order,[1] whether or not plaintiff's civil rights were violated

---

[1] The Fourth Amendment protects citizens against "unreasonable searches and seizures." U.S. Const. amend. IV. "When a motorist is stopped by the police, he, and all of his passengers, are 'seized' within the meaning of the Fourth Amendment." United States v. Pacheco, 841 F.3d 384, 389-90 (6th Cir. 2016). The Supreme Court has held that "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). The existence of probable cause "depends upon the reasonable conclusion to be drawn from the facts known to

6

by the manner in which Crouch acted after the stop, i.e. whether he used excessive force, is for a properly instructed jury to decide.  See Smoak v. Hall, 460 F. 3d 768, 783 (6th Cir. 2002).

    SO ORDERED.

                                      S/Avern Cohn
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE

Dated: August 7, 2018
       Detroit, Michigan

---

the arresting officer at the time of the arrest."  Id.
     Here, Crouch's arrest of plaintiff did not violate the Fourth Amendment because it was supported by probable cause.  White told Crouch that plaintiff was driving a stolen car or a car with a stolen plate and Crouch observed that the car was driving in an unlawful manner.  The fact that Crouch's belief turned out to be mistaken is irrelevant, as officers are "entitled to rely on the reasonably trustworthy information provided to them by the dispatcher, even though the information was later determined to be faulty or inadequate."  Miller v. City of Nichols Hills Police Dep't, 42 F. App'x 212, 216 (10th Cir. 2002); see also United States v. Shareef, 100 F.3d 1491, 1505-06 (10th Cir. 1996); United States v. Mounts, 248 F.3d 712, 715 (7th Cir. 2001); United States v. Hensley, 469 U.S. 221, 231 (1985).